No: 26-2880

---

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

---

MADISON JOINT VENTURE LLC,
*Appellant*

v.

CHEMO RESEARCH S.L. and
EXELTIS USA INC,
*Appellees*.

---

New Jersey - Newark

U.S. District Court, D.N.J.

2:19-cv-08012

---

**APPELLANT MADISON JOINT VENTURE LLC'S MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF**

---

Pursuant to Federal Rules of Appellate Procedure 27 and 32, Plaintiff-Appellant Madison Joint Venture LLC ("Madison") respectfully submits this motion seeking to exceed the word limit for Madison's opening brief due to be filed in the instant appeal (the "Appeal") by 5 p.m. on Thursday, November 5, 2026. Because of the factual complexity of these proceedings and the unusually voluminous record, Madison respectfully requests leave to file an opening brief of 15,500 words.

Counsel for Madison conferred with counsel for Defendants-Appellees, who take no position on this motion.

## FACTUAL BACKGROUND

Madison brings this Appeal following the New Jersey District Court's grant of summary judgment and dismissal of this action in its entirety despite numerous disputes of material facts stemming from Madison's claims for misappropriation of trade secrets, unfair competition, and tortious interference with contract and with prospective economic advantage.

In 2013, Madison's predecessor-in-interest, Savant Neglected Diseases LLC and Savant Chagas LLC (collectively, "Savant"), entered two interrelated agreements—the Data License and Services Agreement ("DLSA") and the Sponsored Research Agreement ("SRA")—with Dr. Sergio Sosa-Estani and his affiliated Argentine organizations. Under the DLSA and SRA, explicitly in exchange for payments and other consideration, Savant received an exclusive license to use confidential clinical data in support of a New Drug Application to the FDA for the use of benznidazole to treat Chagas disease. Madison alleges that Defendants-Appellees Chemo Research, S.L. ("Chemo") and Exeltis USA, Inc. ("Exeltis," and together with Chemo, the "Appellees") persuaded Estani to abandon his agreements with Savant and help them pursue a competing NDA using that same exclusively licensed data, resulting in FDA approval of the Appellees' NDA. The

Appellees then received a priority review voucher, which they sold to a third party for $125 million.

Madison commenced this action against Appellees and Estani on March 6, 2019, asserting claims for trade secret misappropriation, unfair competition, tortious interference with contractual relations, and tortious interference with prospective economic advantage, among other now-dismissed claims.[1] Madison seeks at least $220.6 million in damages.

On June 26, 2026, the District Court granted Appellees' motion for summary judgment in full. Madison timely filed its Notice of Appeal on July 23, 2026.

## ARGUMENT

Extraordinary circumstances support this motion for two main reasons. First, this Appeal involves a fact-intensive record spanning over a decade, arising from exclusive license and research agreements negotiated and entered into with Argentinian researchers and institutions in 2012-2013. The facts underlying Madison's claims for trade secret misappropriation, unfair competition, and tortious interference require a detailed explanation of complex subject matter, including the confidential clinical data at issue, the applicable regulatory approval process before

---

1 On June 29, 2023, the District Court dismissed Madison's claims against Estani for lack of personal jurisdiction, and dismissed Madison's aiding and abetting breach of duty of loyalty and unjust enrichment claims.

the FDA, and the alleged misappropriation of the data by Appellees to secure a competing drug approval. These fact-sensitive and highly technical issues cannot be adequately explained within the ordinary word limit—a reality reflected by the summary judgment record itself. The summary judgment record is voluminous, consisting of 226 exhibits (86 exhibits in support of statements of undisputed facts, and 140 exhibits in support of statements of disputed facts), many of which bear on the disputed factual issues underlying the District Court's rulings. This necessitates additional space for briefing. *See* Fed. R. App. P. 32(a)(7)(B) advisory committee's note to 2016 amendment ("In a complex case, a party may need to file a brief that exceeds the type-volume limitations specified in these rules, such as to include unusually voluminous information explaining relevant background or legal provisions").

Second, this Appeal presents numerous grounds on which Madison contends the District Court erred, each requiring detailed analysis of both the law and the extensive factual record. The central issue on appeal is whether the District Court erred in granting summary judgment in favor of Appellees and dismissing all of Madison's claims, based entirely on its finding that the DLSA was "an illusory promise" that lacked consideration and was thus not a valid and binding contract. Madison has identified at least nine additional grounds for appeal, each presenting distinct legal questions that must be analyzed against the specific record evidence

relevant to it. *See* ECF No. 2 (Concise Summary of the Case). Addressing each of these grounds cannot be accomplished within the ordinary word limit.

Madison has worked diligently to meet the word limitations prescribed by Fed. R. App. P. 32(a)(7)(B). However, given the fact-sensitive nature of these proceedings, and the unusually voluminous record on appeal, Madison respectfully requests an expansion of the type-volume limitations set forth in Federal Rule of Appellate Procedure 32, and seeks leave to file an opening brief of 15,500 words.

## CONCLUSION

For the foregoing reasons, Madison's motion should be granted and an Order entered granting Madison leave to file an overlength opening brief of 15,500 words, and granting such other and further relief as the Court deems just and proper.

Dated: October 22, 2026

Respectfully submitted,

*/s/ Jennifer B. Furey*

Jennifer B. Furey
Sarah M. Eberspacher
Abigail Fletes
Joel E. Antwi
GOULSTON & STORRS PC
One Post Office Sq., 25th Fl.
Boston, MA 02109
jfurey@goulstonstorrs.com

*-and-*

[*Signature Block Continued on Next Page*]

Peter G. Verniero
Jeffrey J. Greenbaum
SILLS CUMMIS & GROSS
One Riverfront Plaza
Newark, NJ 07102
jgreenbaum@sillscummis.com

Katherine M. Lieb
SILLS CUMMIS & GROSS
101 Park Avenue, 28th Floor
New York, NY 10178
klieb@sillscummis.com

*Counsel for Appellant*
*Madison Joint Venture LLC*

## COMBINED CERTIFICATIONS

1. I certify that the foregoing motion complies with Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g) because it contains 856 words, excluding the parts of the motion exempted by Rule 32(f).

2. I further certify that this document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5)-(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman 14-point font.

3. I hereby certify that, on October 22, 2026, I caused to be filed the foregoing document with the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system, which will provide service and notification of such filing to all counsel of record registered as CM/ECF users.

4. Pursuant to Third Circuit Local Appellate Rule 27.3, I certify that Counsel for Madison conferred with counsel for Defendants-Appellees, who take no position on this motion.

Dated: October 22, 2026

*/s/ Abigail Fletes*________
Abigail Fletes

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1, Plaintiff-Appellant Madison Joint Venture LLC, a non-governmental corporate party, hereby states that it does not have any parent corporation, and no publicly held corporation owns 10% or more of its stock.

Dated: October 22, 2026

*/s/ Jennifer B. Furey*_______
Jennifer B. Furey